IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MIGUEL A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-979-D |
| | ) | |
| CORPORAL BOUCHARD, DETENTION OFFICER SCHMIDT, and SHERIFF JOHN WHETSEL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

O R D E R

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983. He contends that his constitutional rights were violated by Defendants. In accordance with 28 U. S. C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Valerie K. Couch for initial proceedings. The Defendants filed a Motion to Dismiss or for Summary Judgment, to which Plaintiff responded.

Plaintiff contends that his constitutional rights were violated when Defendants Bouchard and Schmidt allegedly used unnecessary force in connection with a search of Plaintiff's cell at the Oklahoma County Detention Center. In Count I of his Complaint, Plaintiff alleges that Bouchard and Schmidt assaulted him; specifically, he alleges that his life was threatened and he was not treated with respect and dignity. Count II of the Complaint alleges that Bouchard and Schmidt used excessive force in violation of Plaintiff's Eighth Amendment rights; that Count also alleges that Sheriff John Whetsel failed to properly supervise Bouchard and Schmidt and that he knew they had

engaged in similar conduct in violation of Plaintiff's Eighth Amendment rights.[1]  In Count III, Plaintiff alleges that Whetsel failed to investigate his employees after receiving complaints regarding their conduct.

In their Motion, Defendants seek dismissal of the Complaint, arguing that Plaintiff failed to fully exhaust the administrative remedies required by the Prison Litigation Reform Act, 42 U. S. C. § 1997e(a).  In the alternative, they argue that they are entitled to qualified immunity.  In addition to arguing that Plaintiff failed to exhaust his administrative remedies, Whetsel separately seeks dismissal on grounds that Plaintiff failed to allege Whetsel's personal participation in the claimed constitutional rights violation.

Upon receipt of the Motion, the Magistrate Judge directed the Defendants to file the investigative report required by *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978), identified as a Special Report or Martinez Report.[2]  In this case, the Special Report includes the record of Plaintiff's grievances as well as incident reports.  Defendants relied extensively on the Special Report in support of their Motion, and Plaintiff submitted a response to the Special Report. Because Plaintiff and Defendants referred to material outside the pleadings in support of their respective arguments, the Magistrate Judge filed an order [Doc. No. 13] notifying the parties that the motion would be construed as a motion for summary judgment.  In that order, she also advised the Plaintiff of the requirements for responding to a summary judgment motion.  Plaintiff timely

---

[1] *As the Magistrate Judge noted, Plaintiff states that Bouchard and Schmidt are no longer employed at the Detention Center, as Bouchard was fired and Schmidt voluntarily quit. The Magistrate Judge further noted that the Defendants did not respond to this contention.*

[2] *This Circuit has consistently held that, where the plaintiff is a pro se prisoner, a court-authorized investigation and report by prison officials "is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).*

responded to the motion.

On July 18, 2008, the Magistrate Judge filed a Report and Recommendation [Doc. No. 23] in which she recommended that Defendants' Motion, construed as a motion for summary judgment, be granted in part and denied in part. In the Report and Recommendation, the Magistrate Judge recommended that the motion of Defendants Bouchard and Schmidt be denied and that the motion of Defendant Whetsel be granted. Defendants did not file an objection to the Report and Recommendation, and the August 7, 2008 deadline for filing objections has expired. The parties were expressly advised in the Report and Recommendation that failure to timely object would constitute a waiver of their right to appellate review of the findings and conclusions contained therein. Because Defendants did not object, the Report and Recommendation is adopted to the extent it recommends denial of their motion. Moreover, the Court has reviewed the Report and Recommendation and concludes that it accurately discusses the applicable law and correctly determines that the record reflects material fact disputes which preclude summary judgment.[3] The motion of Bouchard and Schmidt is DENIED.

Plaintiff's objection to the Report and Recommendation is limited to the recommendation regarding Defendant Whetsel. Because he timely objected to that portion of the Report and Recommendation, the issue is reviewed *de novo*.

In his objection, Plaintiff does not argue that the Magistrate Judge incorrectly applied the law or the evidence submitted by the parties. Instead, he asks the Court to reject her recommendation and allow him to pursue claims against Whetsel as well as the other defendants.

---

[3] As discussed in detail in the Report and Recommendation, summary judgment is proper only where the evidence before the Court establishes that there is no genuine issue of material fact, and the moving parties are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U. S. 317, 322-23 (1986).

As discussed in detail in the Report and Recommendation, the record before the Court shows that there is no evidence that Plaintiff attempted to exhaust his administrative remedies regarding Whetsel's alleged failure to supervise Bouchard and Schmidt. In contrast, the record contains evidence that Plaintiff pursued administrative remedies regarding his allegations against Bouchard and Schmidt, and disputed material facts regarding those allegations preclude summary judgment.

However, a failure to supervise claim is a distinct claim separate from the excessive force allegations asserted against Bouchard and Schmidt; as a result, Plaintiff was required to separately exhaust his administrative remedies on his claims against Whetsel. *See Kikumura v. Osagie*, 461 F. 3d 1269, 1285-86 (10th Cir. 2006)(inmate required to separately exhaust claims asserting denial of medical treatment and claims of inadequate training and discipline), *overruled on other grounds, Robbins v. Oklahoma*, 519 F. 3d 1242 (10th Cir. 2008). Prior to filing a lawsuit challenging prison conditions, an inmate must fully exhaust his administrative remedies regarding the subject of the challenge. 42 U. S. C. § 1997e(a); *Jones v. Bock*, 549 U. S. 199 (2007). Defendant Whetsel asserted Plaintiff's failure to exhaust administrative remedies as an affirmative defense in this action; in support of his motion, Whetsel argued that Plaintiff did not pursue the administrative remedies available to him. Plaintiff has offered no evidence to show that he pursued administrative remedies with respect to his claims against Whetsel, and the record contains no evidence that could arguably be construed as evidence that he pursued such remedies.

The Court concludes that, based on the evidence in the record submitted, the Magistrate Judge correctly determined that Defendant Whetsel is entitled to judgment on the claims asserted against him. To that extent, the summary judgment motion must be granted to the extent that it is limited to the claims asserted against Whetsel.

Having fully reviewed the record and the governing law, the Court adopts the Report and Recommendation [Doc. No. 23]. Defendants' Motion for Summary Judgment is DENIED as to Defendants Bouchard and Schmidt; the Motion is GRANTED as to Defendant Whetsel. The action will proceed on Plaintiff's claims against Defendants Bouchard and Schmidt.

IT IS SO ORDERED this ___4th___ day of December, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE